Filed 8/30/13  In re Bryan L. CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| In re BRYAN L., a Person Coming Under the Juvenile Court Law. | B245102 |
| THE PEOPLE, | (Los Angeles County Super. Ct. No. VJ40560) |
| Plaintiff and Respondent, | |
| v. | |
| BRYAN L., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Stephanie Davis, Juvenile Court Referee.  Affirmed.


Susan L. Ferguson, under appointment by the Court of Appeal, for Defendant and Appellant.


No appearance for Plaintiff and Respondent.

_____

Bryan L. appeals from a judgment placing him in a camp-community placement program for second degree robbery. We affirm.

## FACTS

Bryan, born in 1997, has been a ward of the juvenile court under section 602 of the Welfare and Institutions Code since 2010. On December 6, 2010, he admitted to battery on a school employee in violation of Penal Code section 243.6. Bryan was seen loitering outside the school campus after being suspended. When he was confronted by the school safety officer, Bryan punched her and wrestled with her. He was placed home on probation. On May 3, 2012, a second petition under Welfare and Institutions Code section 602 was sustained against him for battery on a school employee. He threw a book at his teacher's face after the teacher suspended him for disrupting the class.

On October 17, 2012, a third Welfare and Institutions Code section 602 petition was filed against Bryan for second degree robbery (Pen. Code, § 211). On October 15, 2012, he forcibly took money from his mother. At the adjudication hearing on November 7, 2012, Bryan's mother testified that she made a "mistake." Bryan asked her to give him money to buy a sweatshirt for school. When she told him she would not give him the money until he behaved better, he snatched her wallet from her hands. She discovered $20 missing from the wallet. She then called 911 to report the incident, but Bryan took the phone away from her. Officer Jaime Baltazar from the Bell Police Department responded to the incident and interviewed Bryan's mother. He testified she was visibly upset. She told him that Bryan grabbed her left hand and yanked $50 from her fist. The juvenile court sustained the petition and placed Bryan in the custody of the probation department with a maximum confinement of six years at a camp-community placement program. Bryan timely appealed.

## DISCUSSION

We appointed counsel to represent Bryan on appeal. Appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, requesting we review the record on appeal for arguable issues. We notified Bryan by letter that he could file a supplemental brief if he wished. He has not responded to our letter. We have

2

independently reviewed the record on appeal, and are satisfied that Bryan's appointed counsel fulfilled her duty, and that no arguable issues exist. (*Ibid.*; *People v. Kelly* (2006) 40 Cal.4th 106.)

## DISPOSITION

The judgment is affirmed.


BIGELOW, P. J.

We concur:


RUBIN, J.


FLIER, J.